## CAHILL *a.* PALMER.

*Supreme Court, First District; General Term, December,* 1863.

Irrelevant Matter.—Pleading.—Cause of Action.

Allegations which can in no aspect of the case made by a pleading be material, are irrelevant, and should be struck out on motion.

In pleading, the fact to be established by evidence must be averred, not the evidence itself. Illustrations of this rule.

An action will not lie against a municipal corporation to try irregularities in proceedings to take land for public use, and awarding the damages to another than the true owner. The proper remedy stated.

Appeal from an order striking out portions of the complaint as irrelevant.

This was an action by Sylvester Cahill and Gilliam B. Seely against Courtlandt Palmer and the Mayor, &c., of New York, to obtain a judgment for $73,040, awarded to Palmer by the

---

* Present, Robertson, White, and Barbour, JJ.

Cahill *a.* Palmer.

commissioners appointed to assess damages for certain lands acquired by the city of New York for a public park. The form of the complaint is sufficiently stated in the opinion. The averments stricken out were: that Palmer attended the commissioners "in the absence of the plaintiffs;" that the commissioners refused to give any information regarding the title of Palmer and his evidence; refused to allow plaintiffs to contest Palmer's title; and also, that court and counsel, on the confirmation of the commissioners' report, declared that "such confirmation would not prejudice plaintiffs' right to contest defendants' title to said land or premises, or to the money awarded." The plaintiffs appealed.

*Anthony R. Dyett*, for the appellants.—I. The Code, § 160, authorizes "irrelevant or redundant matter" to be stricken out, "on motion of any person aggrieved thereby." This is but a retention of the old chancery practice upon exceptions for irrelevancy, &c. (18 *How. Pr.*, 240.) It is the same as *impertinence* in chancery and *surplusage* at law (1 *Barb. Ch. Pr.*, 41, 101; *Steph. Pl.*, 422), and includes matter wholly foreign, or which does not require to be stated. This is neither. Formerly, redundant and irrelevant matter was stricken out in chancery, because costs went by the folio, and the defendant had to pay for it, and for his answer to it, perhaps. And now, if the matter be not *prolix*, and does not prejudice seriously the defendants, it will not be stricken out. (8 *How. Pr.*, 470.) This matter cannot harm the defendants, if irrelevant. If stricken out, and it be relevant, it may do us irreparable mischief.

II. If the matter be inadmissible in evidence, it is irrelevant —*e converso;* if admissible, it is not. (13 *How. Pr.*, 97; 1 *Barb. Ch. Pr.*, 202; 1 *Johns. Ch.*, 103.) But the rule in chancery was, that if the matter be admissible, even as affecting the question of costs, it should not be stricken out. (4 *Paige*, 174; 1 *Edw.*, 350.) Here it certainly may affect that question. This is a case in which costs are in the discrétion of the court. And the matter never is stricken out where there is any doubt as to its relevancy. (6 *How. Pr.*, 355; 18 *Ib.*, 240.) Again, the matter asked to be stricken out mutilates the complaint, and makes its whole scope and meaning different from what it is. It alters the scheme or theory of the action, and makes the

plaintiffs allege a different state of facts, unfavorable to themselves. And again, it leaves what remains unintelligible and insensible.

III. A complaint may now, as well as formerly, be in a double aspect. We may be obliged in this case to urge our claim as a bill of review, upon equitable grounds. This is a familiar kind of bill, applicable to all cases, as well at law as in equity, and was once the only mode of obtaining a new trial, and is now in vogue where there is no other remedy; and we may be compelled, if the court decide the order of confirmation of the report to be final at law, to resort to this equitable remedy, and then these facts asked to be stricken out would form the essence of our action.

*Ruggles & Felt,* for the respondent.

LEONARD, J.—This is an appeal from an order striking out portions of the complaint as irrelevant and redundant.

The action relates to moneys awarded to the defendant, Palmer, as the owner of certain lands taken for the Central Park, but which the plaintiffs claim to have owned; and that the award was erroneously made in favor of Palmer as the owner.

There are certain allegations in the complaint showing that the plaintiffs were not allowed to inspect the evidence of title produced by Palmer, and were not allowed a hearing before the commissioners of estimate and assessment, and that they demanded their rights, as they claimed them, in these respects. There is also an allegation of what was said by the corporation counsel and by the court, on the motion to confirm the commissioners' report.

These allegations were stricken out, on motion, as irrelevant and redundant, and the plaintiffs now appeal from the order.

The whole complaint appears to be bad, unless the action can be understood as one to recover money which Palmer or the corporation of the city of New York have in hand for the lands alleged to belong to the plaintiffs, which have been condemned for public use under the statutes referred to in the complaint.

There is no allegation that the land has been taken for public

use by the city corporation without payment, nor that the defendant Palmer has received any money for the lands which the plaintiffs claim. There are no allegations of fraud or collusion against the defendants. The allegations appear to bring in question only the regularity of the proceedings of the commissioners, and of the court in confirming the report of the commissioners.

The commissioners were never authorized to settle conflicting titles to the lands to be taken. It is not in the nature of a bill for review.

It is difficult to see any theory upon which the complaint can be maintained. In such a case it is hardly worth our while to consider the several parts of such a complaint, or to strike therefrom any part of it; but it would be just as well to leave the defendants to their demurrer to the whole complaint.

·The prayer is, that the corporation may be adjudged to pay the award to the plaintiffs, instead of the defendant, Palmer; and if the defendant, Palmer, has received any part of the award, that the plaintiffs may recover against him the sum so received.

The allegations which have been stricken out will not aid the plaintiffs in obtaining such a recovery as is here demanded.

The court cannot, by an action, try the irregularities complained of, nor receive in evidence what was said by the corporation counsel or the court upon the application to confirm the report of the commissioners. Upon an allegation that the corporation had taken the plaintiffs' land without payment, the plaintiffs would recover, if their title was good, and the money had not been paid under the award. The plaintiffs should have caused the corporation to be enjoined, if there was any danger in permitting the money to be paid to Palmer. Or, if the money awarded to Palmer has been paid over, the plaintiffs can maintain their action therefor against him.

Perhaps the action against Palmer can be maintained by the plaintiffs under the act of 1813, entitled, " An act to reduce several laws relating particularly to the city of New York into one act." ( *Vide Davies' Laws,* relating to the city, page 539, § 184). But the action, if maintained for these purposes, requires no such allegations as have been expunged.

Under no aspect in which the complaint can be considered

will the allegations in question be material. Even were the action founded on fraud and collusion, the sayings of the corporation counsel or the court, made at the hearing of the motion, in respect to the effect of the order of confirmation, would be wholly irrelevant.

It is not every fact which may be given in evidence at the trial that may be stated in pleading. The legal conclusion, or fact, to be established or proven by the evidence of what was said by the corporation counsel or the court might, perhaps, be material as an averment, but the evidence itself is irrelevant as a pleading. The allegations complained of tend to show, as evidence, that the report of the commissioners and the order of confirmation do not constitute the matter *res judicata.* But if the averment that the proceedings did not constitute the matter *res judicata* as against the plaintiffs were material, the allegations stricken out would be insufficient for that purpose, and must be considered irrelevant. With such an object before the mind of the pleader, these allegations would, at best, be a pleading of evidence merely, and therefore irrelevant.

The brief of the plaintiffs' counsel gives no suggestion of any theory upon which his action is founded. He says the order mutilates his theory, and turns the remaining allegations against himself. While we fail to perceive any theory upon which he intends to maintain his action, we must leave him to amend the remaining allegations to suit his altered complaint, if he shall be so advised.

We think the order appealed from is correct, and affirm it with costs.

SUTHERLAND, P. J., and BARNARD, J., concurred.